UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEAN NYULASSY,<br><br>          Plaintiff,<br><br>     v.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>          Defendant. | Case No.: 5:12-CV-1182 EJD<br><br>**ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>**(Re: Docket No. 11)** |

On March 16, 2012, Defendant Lockheed Martin Corporation ("Lockheed") filed a motion to dismiss or to transfer venue to the Eastern District of Virginia pursuant to 28 U.S.C. 1404(a). For the reasons discussed below, Lockheed's motion to transfer is GRANTED and the motion to dismiss is DENIED without prejudice.

## I.     BACKGROUND

Plaintiff Sean Nyulassy ("Nyulassy") filed the complaint initiating this action on January 23, 2012 in the Superior Court of California, Santa Clara County. See Compl., Docket No. 1-1. Nyulassy's complaint alleges the following facts.

Nyulassy worked for Lockheed in the company's San Jose facility before transferring to a position in Virginia. Id. ¶ 4. Lockheed had a policy of allowing employees to apply for and transfer to other positions within the company. Id. ¶¶ 4, 19. While working in San Jose, Nyulassy investigated a position at Lockheed Martin's Chantilly, Virginia facility and interviewed for the

position. Id. ¶ 4. The Chantilly, Virginia job was represented as a Level 4 position, meaning that Nyulassy would receive a promotion along with more compensation if he were accepted. Id. ¶ 4. The position, however, was not a Level 4 position as represented; it was a Level 3 position, the same level as his San Jose job. Id. Lockheed, however, represented that Nyulassy would be moved to Level 4 in the immediate future should he accept the job. Id. Lockheed also represented that the position would include particular responsibilities that were "within [Nyulassy's] experience as a quality engineer." Id. He was offered the position as Senior Software Quality Engineer, accepted it, and moved with his wife to Virginia to begin work in the new position. Id. Nyulassy was not advanced to Level 4. Id.

After working for a period of time, however, Nyulassy transferred to another Lockheed position in Virginia to work as a Level 4 Senior Quality Engineer. Id. ¶ 5. The Level 4 position duties were represented to him as documentation software control and software test/validation, but that he was only required to attend staff meetings and perform a small amount of software test support. Id.

Nyulassy was not called upon to perform the tasks as represented. In many instances, his duties were ministerial or demeaning for an employee with his skills and background. Id. ¶ 6. Nyulassy became distraught over the work "he was fraudulently forced to do" and Lockheed's misrepresentations about the positions in Virginia, and he was hospitalized in a mental health facility. Id. ¶ 7. He was ultimately diagnosed with bipolar disorder, an underlying latent illness exacerbated by Lockheed's conduct. Id. He was disabled for various periods of time as he attempted to continue to work at positions in Virginia. Id.

Nyulassy determined that it was necessary for him to return to California as part of his rehabilitation. Id. ¶ 8. Lockheed told Nyulassy that it would assist him in finding a position in California when Nyulassy was cleared to return to work by his physicians. Id. Lockheed, however, did not assist him in finding a new position in California. He was denied access to Lockheed's internal website and database, which are the best way to obtain employment at Lockheed. After he was unable to find a position within the company, Lockheed terminated him November 1, 2011. Id.

2
Case No.: 5:12-CV-1182 EJD
ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE

Based on these facts, Nyulassy bring this action alleging (1) fraud, (2) violations of Cal. Labor Code §§ 970, 971, and 972 (fraudulent inducement to leave California and relocate to Virginia), (3) breach of contract and implied covenant, (4) wrongful termination, and (5) intentional infliction of emotional distress.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), a change of venue is proper if the court determines that the action "might have been brought" in the transferee court, and the convenience of the parties and witnesses in the interests of justice favor transfer. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir.1985). Once the court finds that the first prong of the § 1404(a) analysis is satisfied, it has discretion to engage in an "individualized, case-by-case consideration of convenience and fairness" based on factors such as (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) any local interest in the controversy, and (7) the relative court congestion and time of trial in each forum. See Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). The moving party bears the burden of showing that the convenience of the parties and witnesses in the interest of justice favor transfer. See Commodity Futures Trading Commission v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

## III.  DISCUSSION

The instant action clearly satisfies the first prong of the § 1404(a) analysis. An action "might have been brought" in the transferee court for the purposes of § 1404(a) if it could have been initiated in that district. Hatch, 758 F. 2d at 414. The instant action could have been initiated in the Eastern District of Virginia because it is founded solely on diversity of citizenship. Lockheed would have been subject to personal jurisdiction in the Eastern District of Virginia because Lockheed does business and maintains offices there. See Monti Decl. ¶ 2. Furthermore, venue would have been proper because a substantial part of the events giving rise to this action occurred in the Eastern District of Virginia, where Nyulassy resided and worked for Lockheed. See 28 U.S.C. § 1391(b)(2).

Case No.: 5:12-CV-1182 EJD
ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE

### A. Plaintiff's choice of forum

Nyulassy has chosen to bring this action in this district. A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. § 1404(a). See id. However, where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum. Cohen v. State Farm and Cas. Co., No. C1:09–cv–1051 AWI DLB, 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14, 2009); Knapp v. Wachovia Corp., No. C 07-4551 SI, 2008 WL 2037611, at *2 (N.D. Cal. May 11, 2008); IBM Credit Corp. v. Definitive Computer Servs., Inc., No. C–95–3927 SI, 1996 WL 101172, at *2 (N.D. Cal. Feb. 28, 1996).

Here, Lockheed argues that all of the operative facts and events giving rise to this action occurred in Virginia. Nyulassy does not directly contradict this assertion but argues in his opposition brief that he "was fraudulently induced in California to leave his home in California to go to Virginia." Opp'n at 12:2-3, Docket No. 20. The court notes that Nyulassy's complaint lacks allegations about where or when particular events took place, but it appears that he has not made any allegations about Lockheed's conduct during the time period after he returned to California. Rather, the relevant events in the complaint took place during the years he was employed in Virginia, and the only events in the complaint that occurred in California were that Nyulassy made the decision to accept the offer for the Virginia position and that he returned to California years later. Thus, this factor weighs against transfer, but the consideration given to this factor is largely discounted because this forum lacks significant contact with the activities alleged in the complaint.

### B. Convenience of the parties

Lockheed argues the convenience of the parties weighs in favor of transfer because, except for Nyulassy, no party or non-party witnesses reside in California. Transfer is not appropriate where it would merely shift the inconvenience from one party to the other. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d. 834, 843 (9th Cir. 1986). Although Nyulassy has not provided any evidence or specific argument regarding whether he will suffer any inconvenience or hardship if this case is transferred to the Eastern District of Virginia, Lockheed has not shown that

4
Case No.: 5:12-CV-1182 EJD
ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE

transfer would accomplish more than shifting the inconvenience to Nyulassy. Thus, this factor weighs against transfer.

**C. Convenience of the witnesses**

All the witnesses Lockheed has identified in their motion reside in Virginia or near Virginia. Monti Decl. ¶ 17.[1] Some of these witnesses no longer work for Lockheed. Id. ¶¶ 8, 10. In contrast, Nyulassy has presented no evidence of any witnesses that reside in California, other than himself. This factor weighs in favor of transfer.

**D. Ease of access to the evidence**

Lockheed represents that its offices holding evidence relevant to Nyulassy's leave of absence and employment files are located near Virginia. Id. ¶¶ 2, 4, 17.  Additionally, any documentation held by the witnesses discussed above will be located in or near Virginia. Id. Any evidence held by the mental health facility relevant to his emotional distress claims will also be located in Virginia. Id. ¶ 7. Nyulassy has not argued that any evidence will be more easily accessed in California. Thus, this factor weighs in favor of transfer.

**E. Familiarity of each forum with the applicable law**

With the exception of the Cal Labor Code § 970 claim, Nyulassy's complaint alleges fairly straightforward causes of action based in breach of contract and implied covenant, wrongful termination, and intentional infliction of emotional distress. The elements of these claims in Virginia are similar, if not identical to those in California. Compare Hamilton v. Greenwich Investors XXVI, LLC, 195 Cal. App. 4th 1602, 1614 (2011) (listing elements of breach of contract under California law) with Lasership Inc. v. Watson, 79 Va. Cir. 205, 205 (2009) (listing elements

---

[1] Nyulassi argues paragraphs 5-17 of the Monti Declaration are inadmissible hearsay.  Michelle Monti is the Human Resources Business Partner assigned to Nyulassy's division from approximately February 2011 through the end of his employment. Monti. Decl. ¶ 3. Nyulassi objects to portions of the Monti Declaration in which Monti summarizes information she reviewed in Nyulassi's employee file and sets forth Lockheed's understanding of where the relevant witnesses and evidence are located based on Monti's knowledge of Lockheed's structure and business records. The documents upon which Monti bases her declaration are records that Lockheed maintained in the regular course of business and therefore are admissible hearsay under Fed. R. Evid. 803(6). Furthermore, the court finds that Monti's representations about the contents of those documents can be properly considered for this motion under the residual hearsay exception set forth in Fed. R. Evid. 807.

5

Case No.: 5:12-CV-1182 EJD
ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE

of breach of contract under Virginia law); compare Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist., 801 F. Supp. 2d 1023, 1030 (S.D. Cal. 2011) (listing elements of breach of implied covenant under California law) with Enmoto v. Space Adventures, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009) (listing elements of breach of implied covenant under Virginia law); compare Kelley v. Conco Companies, 196 Cal. App. 4th 191, 215 (2011) (listing elements of intentional infliction of emotional distress under California law) with Spiers v. Sydnor, 3 Fed. Appx. 176, 180 (4th Cir. 2001) (listing elements of intentional infliction of emotional distress under Virginia law); compare Hollie v. Concentra Health Services, Inc., C 10–5197 PJH, 2012 WL 993522, at *7 (N.D. Cal. Mar. 23, 2012) (listing elements of wrongful termination in violation of public policy under California law)  with Wells v. G.R. Associates, Inc., No. Civ. A. 00–1408–A, 2000 WL 33199263, at *4 (E.D. Va. Nov. 22, 2000) (discussing wrongful termination in violation of public policy under Virginia law)

Thus, even though a court in a diversity action must apply the law that would have been applied in the transferor court, Ferens v. John Deere Co., 494 U.S. 516, 523 (1990), Nyulassy has presented no reason why the Eastern District of Virginia would not be capable of applying California law. Indeed, "[f]ederal courts are often called upon to decide substantive legal questions based on the laws of various states." Brandon Apparel, 42 F. Supp. 2d 821, 835 (N.D. Ill 1999). Additionally, courts in this district have granted transfer in cases with similar other claims, including Cal. Labor Code § 970. See Kwong Hiu Yung v. Institutional Trading Corp., No. C 11–01056 PSG, 2011 WL 1599640, *3 (N.D. Cal. Apr. 27, 2011); Biswas v. HR Value Group, LLC, No. C 02-03469 CRB, 2002 WL 31261160 (N.D. Cal. Oct. 4, 2002); Urscheler v. Blenheim NDN, Inc., No. C–95–20469–JW, 1995 WL 566017 (N.D. Cal. Sept. 21, 1995). Thus, this factor weighs neither for nor against transfer.

**F. Local interest in the controversy**

Nyulassy lived here prior to the events that give rise to this action and after his employment with Lockheed ended, and this District has an interest in this case to the extent that it has a general interest in its citizens. However, this case is about Nyulassy's employment in Virginia with a

6
Case No.: 5:12-CV-1182 EJD
ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE

company based in Maryland, and Nyulassy makes no allegations about the nature of his employment in California prior to his move to Virginia or after his return from Virginia. All the counties in which Nyulassy resided and worked during the years he was working in Virginia are located in the Eastern District of Virginia. See Moni Decl. ¶¶ 5, 6, 9, 11, 13, Exs. A-D. The recruiters and managers who communicated with Nyulassy about transferring to Virginia were based in Virginia at the time of those communications and still reside in Virginia. Id. ¶¶ 5, 6. Nyulassy has not presented any argument about this District's interest in the controversy. Thus, Virginia has a greater interest in ensuring that corporations operating in Virginia do so lawfully with respect to employees who reside in Virginia during their employment. Thus, this factor weighs in favor of transferring since the interest of California in adjudicating the case is limited.

**G. The relative court congestion and time of trial in each forum.**

Neither party has presented evidence about the time to trial in the two forums. Thus, this factor is neutral.

Considering the factors discussed above, on balance, the convenience of the parties and witnesses in the interests of justice favor transfer.

### IV. CONCLUSION

IT IS HEREBY ORDERED this action shall be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). The motion to dismiss is DENIED WITHOUT PREJUDICE, and the motion may be re-noticed before the recipient court in the Eastern District of Virginia.

Dated: July 16, 2012

EDWARD J. DAVILA
United States District Judge

7
Case No.: 5:12-CV-1182 EJD
ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE